FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| ROBERT A., | No. 1:19-CV-03227-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Robert A. (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///
///

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 2, 2016, alleging disability beginning September 1, 2016 due to bilateral knee pain, neck pain, right shoulder pain, low back pain, and learning disabilities. Tr. 91-92. The application was denied initially and upon reconsideration. Tr. 113-17, 121-24. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on October 31, 2018, Tr. 58-90, and issued an unfavorable decision on December 4, 2018, Tr. 15-24. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 11, 2019. Tr. 1-5. The ALJ's December 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1971 and was 44 years old as of the filing of his application. Tr. 22. He has a high school diploma and has worked as a bowling alley technician, bakery worker, fruit packer, and cashier. Tr. 76-80, 83-84, 409. He last worked in 2006 and stopped working due to pain. Tr. 81.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 4, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

ORDER GRANTING DEFENDANT'S MOTION . . . . - 3

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease of both knees and the left shoulder, degenerative disc disease of the lumbar spine, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform medium exertional work, except "he can occasionally reach overhead with his left shoulder; he can never climb ladders, ropes, or scaffolds." *Id.*

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 22.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of press operator, hand packager, and production assembler. Tr. 22-23.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence.

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DISCUSSION

## 1.    Plaintiff's symptom statements

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 13 at 4-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. Specifically, the ALJ found the record reflected mostly unremarkable findings, Plaintiff received conservative treatment, and Plaintiff performed a number of physical activities that suggested he was not as limited as alleged. Tr. 19-20.

### a.  Conservative Treatment

The ALJ found Plaintiff's course of treatment was largely conservative, consisting of over-the-counter medications and non-operative treatments. Tr. 20. The ALJ further noted Plaintiff reported improvement to his shoulder with physical therapy, and that his pain was eased through hot showers, rest, and the use of a knee brace. *Id.*

Plaintiff argues the ALJ failed to consider the reasons Plaintiff did not receive more treatment, as required by Social Security Ruling 16-3p. ECF No. 13 at 10-11. He argues the record shows he did not have insurance for many years,

1    and having just started receiving treatment, was exhausting conservative treatments

2    prior to moving to more aggressive measures. *Id.* He further notes that access to

3    care was impeded, including being on waiting lists and his insurance denying

4    certain treatments. *Id.* Defendant argues the record contains no evidence that

5    Plaintiff's problems ever progressed to the point of needing more aggressive kinds

6    of treatment and the ALJ reasonably considered the conservative measures. ECF

7    No. 14 at 7-8.

8         The Court finds the ALJ did not err. The Ninth Circuit has held that

9    "evidence of 'conservative treatment' is sufficient to discount a claimant's

10    testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742,

11    750-51 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.

12    1995)). The ALJ reasonably interpreted the record as consisting primarily of over-

13    the-counter medications and recommendations for conservative treatments such as

14    physical therapy, chiropractic care, massage, and weight loss. At a consult with

15    Lakeview Spine, Plaintiff was told he could get an epidural injection "if he is ever

16    in protracted pain," (tr. 497) but at the hearing he testified he had never received

17    injections. Tr. 81. The spine consultant indicated he wanted to try more

18    conservative measures, such as chiropractic, massage, and acupuncture. Tr. 497.

19    The ALJ's interpretation of the record is supported by substantial evidence.

20         Plaintiff's arguments regarding access to care, while factually correct, do not

21    invalidate the ALJ's rationale. Social Security Ruling 16-3p requires an ALJ to

22    consider possible explanations for a claimant's failure to seek treatment; however,

23    the ALJ did not discount Plaintiff's allegations based on a failure to seek treatment.

24    Rather, the ALJ found the treatment recommended was conservative, and thus

25    indicated the problems were not as bad as alleged. Tr. 20. Plaintiff's argument that

26    conservative measures needed to be exhausted before more aggressive treatments

27    were recommended is undermined by the records that indicate no objective basis

28    for surgical intervention and that opiates should be avoided "at all cost." Tr. 424,

428, 496. The ALJ did not err in failing to discuss the reasons why Plaintiff did not seek more care.

### b. Objective evidence

The ALJ found Plaintiff's statements about his symptoms were inconsistent with the objective medical evidence, noting that while he occasionally demonstrated reduced range of motion and tenderness on exam, his exams were at other times intact and generally normal in many areas. Tr. 19-20.

Plaintiff argues the objective findings that were abnormal support his allegations, and that the normal exam findings do not negate the times when there was objective support of his conditions, particularly given the circumstances of his intermittent flares of pain. ECF No. 13 at 11-15. Defendant argues the ALJ's interpretation is supported by substantial evidence, and the frequently unremarkable findings undermine Plaintiff's allegations. ECF No. 14 at 5-6.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court finds the ALJ reasonably interpreted the record as lacking objective findings supportive of the extent of Plaintiff's allegations, pointing to normal findings throughout the record. Tr. 19-20. In discussing the opinion evidence, the ALJ also noted Plaintiff's treating doctor's comment that Plaintiff "reports more pain than would be expected from his imaging results and physical exam findings." Tr. 21 (citing Tr. 400). The ALJ's interpretation of the record is supported by substantial evidence.

### c. Daily activities

A claimant's daily activities may support an adverse credibility finding if the activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted Plaintiff was able to engage in regular household chores, do yard work, go swimming, take his girlfriend out for dates, and babysit his sister's

children. Tr. 20. The ALJ found these activities did not appear entirely consistent with Plaintiff's allegations of disabling limitations and that he regularly stayed in bed due to pain. *Id.*

The Court finds the activities identified by the ALJ are not inconsistent with Plaintiff's allegations. He testified that he is only able to engage in chores sporadically on good days and has to take breaks after 45-60 minutes of activity. Tr. 69-70.  His babysitting activity occurred years before the alleged onset date, and therefore has no bearing on his disability status as of 2016. Tr. 71-73.

However, because the ALJ provided other clear and convincing reasons for discounting Plaintiff's allegations, any such error was harmless. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record).

**2.    Medical opinion evidence**

Plaintiff argues the ALJ improperly weighed the opinion evidence, by insufficiently rejecting Dr. Bulfinch and Dr. Crank, and misinterpreting Dr. Platter. ECF No. 13 at 16-19.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should generally give more weight to the opinion of a treating physician than to the opinion of an examining physician, and more weight to an examining source than a non-examining source. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In evaluating the weight owed to opinions, the ALJ should consider the nature of the relationship, the supportability and consistency of the opinion, any specialization of the source, and other factors, such as the understanding of the disability programs and the source's familiarity with the case record. 20 C.F.R. § 416.927(c).

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

1   When a treating or examining physician's opinion is contradicted by another
2   physician, the ALJ is required to provide "specific and legitimate reasons," based
3   on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035,
4   1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The
5   specific and legitimate standard can be met by the ALJ setting out a detailed and
6   thorough summary of the facts and conflicting clinical evidence, stating his
7   interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747,
8   751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he
9   "must set forth his interpretations and explain why they, rather than the doctors',
10  are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

11      The Commissioner may reject the opinion of a non-examining physician by
12  reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d
13  1240, 1244 (9th Cir. 1998).

14      ### a.  *Dr. Bulfinch, treating doctor*

15      Plaintiff's treating physician, Dr. Charles Bulfinch, completed two medical
16  source statements in support of Plaintiff's claim. In 2017, following their first
17  appointment, Dr. Bulfinch noted Plaintiff's diagnoses of shoulder pain, knee pain,
18  and dyspnea on exertion. Tr. 316. He noted he had made several referrals, and
19  further treatment was needed, but that Plaintiff would be likely to miss one day of
20  work per month, noting if he strained his shoulder, he might need a day off. Tr.
21  317. Dr. Bulfinch said Plaintiff's prognosis was excellent, and there were no
22  limitations at that time. *Id.* In 2018, Dr. Bulfinch opined Plaintiff's mild lumbar
23  facet arthrosis and patellofemoral knee pain were expected to cause mild
24  intermittent pain, and that his prognosis was good. Tr. 399-400. He stated Plaintiff
25  would likely miss two days of work per month due to flares in his pain, and noted
26  Plaintiff reported more pain than would be expected from his imaging results and
27  physical exam findings. Tr. 400.
28  ///

The ALJ gave each of these opinions less weight, noting them to be speculative, insufficiently supported, and inconsistent with the longitudinal record. Tr. 21. Specifically, the ALJ found the opinions regarding missed days to be inconsistent with the good prognosis, and based solely on Plaintiff's subjective reports. *Id.* He further noted the opinions to be inconsistent with the longitudinal record showing generally normal presentation at appointments, and found them inconsistent with Plaintiff's documented activities. *Id.*

Plaintiff argues that while the ALJ's comments regarding inconsistency and speculation may have applied to the first opinion, by the time Dr. Bulfinch completed the 2018 opinion he had a longer treatment relationship with Plaintiff and had reviewed records from other consultants. ECF No. 13 at 17-18. He further asserts that the same arguments regarding the longitudinal record and Plaintiff's activities as were made with respect to the subjective allegations portion of the decision apply equally to Dr. Bulfinch. *Id.* Defendant argues the ALJ's reasoning is rational and supported by substantial evidence. ECF No. 14 at 15-19.

The Court finds the ALJ did not err. An ALJ may reasonably consider the consistency of a medical opinion with the source's own records, and with the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). The ALJ reasonably interpreted Dr. Bulfinch's opinions regarding missed days as inconsistent with his records, which contained little objective basis for ongoing impairment. Furthermore, a doctor's opinion may be discounted if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ reasonably found Plaintiff's allegations to be unreliable, and Dr. Bulfinch himself noted Plaintiff's pain reports exceeded what would be expected based on imaging and exam findings. Tr. 400. As the missed days limitation in the 2018 opinion was ///

based on possible flares of pain, the ALJ reasonably interpreted this as based on Plaintiff's subjective reports.

The ALJ therefore offered specific and legitimate reasons for discounting Dr. Bulfinch's opinions.

### b. Dr. Crank, examining doctor

In December 2016 Plaintiff was examined by Dr. Jeremiah Crank, who completed paperwork for the state Department of Social and Health Services. Tr. 413-15. Dr. Crank opined Plaintiff was limited to sedentary work and had marked impairment in most physical work-related functions, due to his neck pain and knee pain. Tr. 414-15.

The ALJ gave this opinion less weight, finding it to be inconsistent with the minimal findings on Dr. Crank's own exam, and inconsistent with the overall record containing mostly unremarkable imaging and exam findings and Plaintiff's activities. Tr. 21-22.

Plaintiff argues the ALJ did not explain why Dr. Crank's exam findings were insufficient to support the limitation to sedentary work, noting the range of motion findings and tenderness observed on exam were supportive of limits. ECF No. 13 at 19. He also reiterated the same arguments regarding the longitudinal record and activities. *Id.* Defendant argues the ALJ's interpretation was reasonable, as the findings were minimal and the overall record shows largely unremarkable findings. ECF No. 14 at 19-20.

The Court finds the ALJ did not err. An opinion's consistency with the record as a whole is a relevant factor for the ALJ to consider. 20 C.F.R. § 416.927(c)(4). "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ reasonably pointed to the unremarkable imaging
///

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

and exam findings throughout the record in finding Plaintiff was not as limited as Dr. Crank found.

### c. Dr. Platter, reviewing doctor

Dr. Howard Platter reviewed Plaintiff's file for the reconsideration stage of adjudication. Tr. 99-109. He concluded Plaintiff was capable of lifting or carrying 50 pounds occasionally and 25 pounds frequently, and standing or walking and sitting for six hours in a workday. Tr. 105-06. He further found that, due to knee pain and decreased shoulder movement, Plaintiff should avoid ladders, ropes, and scaffolds, and was limited to frequent ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. Tr. 106.

The ALJ gave this opinion the most weight, finding it most consistent with the record, but indicated that he was finding Plaintiff more restricted than Dr. Platter did, characterizing the opinion as "a range of heavy work." Tr. 20-21.

Plaintiff argues that the ALJ mischaracterized Dr. Platter's opinion as "heavy" when it was really "medium" and that this fundamental mishandling of the opinion to which the ALJ assigned the most weight undercuts the ALJ's entire reasoning. ECF No. 13 at 16-17. Plaintiff also notes that the ALJ gave no reasons for not adopting the postural limitations opined by Dr. Platter. *Id.* Defendant argues that the opinion could qualify as medium or heavy, and the exclusion of the postural limitations was harmless at most. ECF No. 14 at 11-15.

The Court finds no error. Dr. Platter's assessed RFC was for medium work. Tr. 105 ("Medical evidence and ADLs indicate claimant remains capable of doing medium work"); 20 C.F.R. § 416.967(c)(defining medium work as involving lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds"). However, the ALJ's characterization of the opinion as recommending "heavy" work is harmless. The ALJ adopted the exertional limitations recommended by Dr. Platter, and included more limits on reaching. As Defendant points out, the exclusion of the recommended postural limitations was

harmless, as none of the jobs identified at step five require postural movements in excess of those recommended by Dr. Platter. ECF No. 14 at 14-15. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 8, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE